# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Janet Sabino Martinez, | |
| Plaintiff, | Case No. __**1:24-cv-07050**__ |
| v. | |
| Ōnin Staffing, LLC and<br>Element Food Solutions, LLC | PLAINTIFF DEMANDS<br>TRIAL BY JURY |
| Defendants. | |

## **COMPLAINT AT LAW**

Plaintiff Janet Sabino Martinez ("Sabino" or "Plaintiff"), by her attorneys, Daniel I. Schlade and James M. Dore, complains against Ōnin Staffing, LLC ("Onin") and Element Food Solutions LLC ("Element Food") (Onin and Element Food collectively referred to as "Defendants"), and in support of this Complaint, states:

### **Introduction**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981 and an Illinois tort action for retaliatory discharge, claiming a hostile work environment, harassment and retaliation.

### **Jurisdiction and Venue**

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, specifically Title VII, as well as any related state law claims under 28 U.S.C. §1367(a) conferring supplemental jurisdiction upon this Court for "all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

3.      Venue is proper in the Northern District of Illinois because all underlying facts and complained conduct occurred in or about Chicago, Illinois.

**Parties**

3.      Plaintiff is a female, of Hispanic-Latino origin, that resides in Chicago, Illinois. She was formerly employed by Defendants.

4.      Defendant Ōnin Staffing, LLC is a limited liability company registered to do business in Chicago, Illinois in the employment industry. Onin recruits job candidates and place them with its clients, which are businesses in various types of industries.

5.      Defendant Element Food Solutions LLC is an Illinois corporation registered to do business in the state of Illinois, and that operates a facility in Hodgkins, Illinois engaged in the business of manufacturing food production.

6.      Defendant employs over 15 individuals, and thus are covered employers under Title VII.

**Exhaustion of Administrative Remedies**

7.      On April 28, 2023, Plaintiff submitted a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"), alleging race, national origin discrimination; retaliation and hostile work environment against Defendant Onin, Charge No. 440-2023-06110 and against Defendant Element Food, Charge No. 440-2023-06101. Attached as Exhibit A and B is a true and correct copy of Plaintiff's Charges of Discrimination; Ex. A and B are incorporated herein.

8.      On May 14, 2024, the EEOC issued to Plaintiff its Notices of Right to Sue. Attached as Exhibit C and D is a true and correct copy of Plaintiff's Right to Sue issued from the EEOC; Ex. C and D are incorporated herein.

9.      Plaintiff timely filed this Complaint within ninety (90) days of receipt of both of the Notices of Right to Sue.

10.     Plaintiff has fully complied with all prerequisites to jurisdiction to this Court under Title VII and related state law claims.

### Defendants' Joint Employer Status

11.     At relevant times, Defendant Onin acted as a staffing agency, and hired and placed Plaintiff, to work at Defendant Element Food facilities in Hodgkins, Illinois.

12.     Defendants Onin and Element Food exercised joint control over the work of Plaintiff.

13.     Defendant Element Food managed the work of Plaintiff; and Onin would process time and payroll for Plaintiff.

14.     At all relevant times, Plaintiff was issued paychecks by Defendant Onin for the work performed on site at Defendant Element Food's facility. Onin's name deposited all paychecks to Plaintiff.

15.     Defendant Onin supervised Plaintiff's work schedules and her conditions of payments, meanwhile Defendant Element Food controlled Plaintiff's work.

16.     Defendants were joint employers of Plaintiff.

### Statement of Facts

17.     Plaintiff began working at Defendant plant in or about 2013. Plaintiff started to work for Element Food.

18.     On or about February 2019 Plaintiff was hired through Onin to work at Element Food. At all relevant times to this complaint, Plaintiff was employed by Defendants as a Room Leader.

19.     Defendant Element Food terminated Plaintiff's employment on or about January 31, 2023.

20.      Plaintiff's direct supervisor from Element Food was Javier Vargas ("Vargas").

21.     Plaintiff also reported to Onin supervisor at site Hilario (last name unknown) ("Hilario").

22.     Throughout her employment with Defendants, Plaintiff had to endure a hostile working environment.

23.     On or around December of 2022, Claimant was in charge of the assembly line and saw two female coworkers fighting. She made a report and spoke with Fabiola Maldonado ("Maldonado") the Production Lead and to Minerva Chiari ("Chiari") the Human Resources Manager. Instead of solving the situation Maldonado and Chiari made a bet on who was going to win the fight. Plaintiff felt ignored and treated in a hostile way.

24.     On or around January of 2023, Benito Chavarria ("Chavarria") insulted the employees, including Plaintiff by stating: "These fucking stupid employees they don't do a thing". Claimant went to Chiari to report Chavarria's disrespectful comments, but Plaintiff felt dismissed and ignored.

25.      Plaintiff's superiors insulted Plaintiff; when she complained to HR nothing was done, so this was allowed at Defendants employment and became part of the hostile work culture.

26.     On or around January 2023, Plaintiff experienced a direct hostile display from the Production Lead, when in an aggressive manner Maldonado threw papers toward her while giving her work instructions. Plaintiff reported the incident to Chiari but she was dismissed and ignored.

27.     On or around January 2023, an employee on Plaintiff's line told her that he was being sexually harassed by a Supervisor in Element Food. Plaintiff reported the incidents of sexual harassment to Vargas, the Plant Supervisor and to Hilario from Onin. The sexual harassment was also reported to Chiari. Plaintiff answered the questions from the Human Resources Department about the sexual harassment.

28. On or around January 31, 2023, after reporting these incidents to the Human Resources Department, Plaintiff was notified that she was terminated from Element Food because there was no more job for her.

29. After her termination, Element Food continued to hire employees and Plaintiff was replaced.

30. Plaintiff's inquiries for the real reason on termination were ignored.

31. Plaintiff was retaliated against because she filed reports of the hostile work environment culture at Defendants and complained about the sexual harassment to one of her workers.

32. As result of the retaliation, Plaintiff was terminated from her position by Defendant Element Food and Onin.

## COUNT I – HOSTILE WORK ENVIRONMENT
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

33. Paragraphs 1 through 32 are incorporated herein by reference as if set forth in full herein Paragraph 33.

34. Plaintiff was Defendants' employee and worked as a Room Lead.

35. Plaintiff was subjected to harassment during her employment at Defendants.

36. The harassment was based on the Defendants hostile work environment that Plaintiff had to endure daily or near daily basis while working at Defendants, where she was subject to discriminatory name calling, insults, ridicule and intimidation from her supervisors. This hostile work environment made the conditions of the employment at Defendants an abusive working place.

37. Defendants conduct was severe and pervasive, in that Plaintiff was subjected to a hostile work environment and personal insults directed specifically to her, as detailed in Paragraphs 22 through 32; and there is a basis for Defendants liability for all of the facts alleged herein.

38.     As a direct and proximate result of Defendants conduct, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

39.     Defendants' actions were willful or committed with reckless indifference to Plaintiff's federally protected rights; and Defendants conduct were malicious, oppressive, and were committed to Plaintiff, with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff Janet Sabino Martinez respectfully requests that this Court enter judgment in her favor in an amount in excess of $30,000, and against Defendants Ōnin Staffing, LLC and Element Food Solutions LLC., jointly and severally, on Count I and that it respectfully requests that the Court enter judgment and award her:

(a) All past lost wages and benefits, plus interest;

(b) Compensatory damages for injuries suffered because of this discrimination and hostile work environment;

(c) An order that Defendant reinstate Plaintiff to a position comparable to his former one, or, instead of reinstatement, award him front pay and benefits;

(d) Any applicable punitive damages, liquidated damages, or other statutory damages;

(e) All costs and reasonable attorney's fees incurred in connection with this action; and

(f) Any other damages and further relief as deemed just.

## COUNT II – RETALIATORY DISCHARGE

40.     Plaintiff realleges paragraphs 1 through 39 as though fully set forth herein paragraph 40.

41.     Defendants terminated Plaintiff's employment at Element's facilities because she repeatedly complained of the hostile work environment and the hostility she experienced from her supervisors while working for Defendants and a few days after making a report of sexual harassment to one of her employees.

42. Plaintiff's repeated complaints about the hostile work environment and hostile conditions was the proximate cause of her termination.

43. Plaintiff informed these work conditions and complained to Defendants.

44. It is the public policy of the state of Illinois to encourage victims of harassment, violence, and hostility to report such conduct to their employers when such conduct occurs in an employment setting.

45. As a direct and proximate result of Defendants actions, Plaintiff suffered injuries, including but not limited to: extreme anxiety, humiliation, embarrassment, severe emotional distress and anguish, and lost wages, which injuries she continues to suffer.

**WHEREFORE**, Plaintiff Janet Sabino Martinez respectfully requests that this Court enter judgment in her favor in an amount in excess of $30,000, and against Defendants Ōnin Staffing, LLC and Element Food Solutions LLC., jointly and severally, on Count I and that it:

a) Award Plaintiff compensatory damages;

b) Award Plaintiff emotional distress damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff court costs and disbursements; and

e) Award Plaintiff any and all other relief as the Court deems just in the premises.

**/s/ James M. Dore**

**Justicia Laboral LLC**
James M. Dore (ARDC# 6296265)
Daniel I. Schlade (ARDC No. 6273008)
*Attorneys for Plaintiffs*
6232 N. Pulaski Rd., #300
Chicago, IL 60646
773-415-4898
jdore@justicialaboral.com
dschlade@justicialaboral.com
